```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

MUSTAFA YESEREN, on his own behalf
and all similarly situated
individuals,

                 Plaintiff,

vs.                              Case No.   2:10-cv-253-FtM-29DNF

CKSINGH CORPORATION, a Florida
corporation, CHETRAM SINGH,
individually,

                 Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Dismiss Defendants' [sic] Counterclaims (Doc. # 14) filed on May 27, 2010.[1] Plaintiff asserts that the Court lacks subject-matter jurisdiction to hear the Counterclaim filed by his former employer. Defendants filed a Memorandum in Opposition of Plaintiff's Motion to Dismiss Defendants' [sic] Counterclaims (Doc. # 17) on June 7, 2010.

**I.**

On April 28, 2010, Mustafa Yeseren (Yeseren or plaintiff) filed a Complaint and Demand for Jury Trial (Doc. #1) alleging that he was employed by CKSINGH CORPORATION (CKSINGH or defendant) as a

---

[1] The Counterclaims are asserted by Defendant CKSINGH Corporation only.

non-exempt "clerk" and "handyman." Plaintiff alleges that during the time of his employment, from at least July 2006 through September 2009, CKSINGH failed to compensate him at a rate of one and one-half times Yeseren's regular rate for hours worked in excess of forty (40) hours in a single week. Plaintiff seeks recovery of overtime compensation pursuant to the Fair Labor Standards Act (29 U.S.C. § 201-19, hereinafter "FLSA"), as well as declaratory judgment, liquidated damages, and attorney's fees.

Both defendants filed an Answer and Affirmative Defenses (Doc. #10, pp. 1-6). Defendant CKSINGH also filed a Counterclaim against Yeseren asserting one count of conversion and one count of beach of duty of loyalty (Doc. #10, pp. 6-10). Defendant CKSINGH alleges that CKSINGH employed plaintiff from June 2006 through September, 2009, as a clerk at a service station. It is alleged that plaintiff worked primarily on weekends, and worked alone at the service station. During his employment plaintiff ran the cash register, accepted funds from customers for gasoline and other purchases, and performed minor repairs to automobiles. Defendant CKSINGH further alleges that Plaintiff took cash from customers for the purchases and minor repairs, and kept the cash for his personal use instead of ringing up the sale and placing the cash in the register. It is also alleged that plaintiff removed items from the service station without paying for the items, and on at least one occasion ran a purchase through on a customer's credit card, then

voided the transaction and took the same amount of cash out of the cash register. Defendant CKSINGH further alleges in its Counterclaim that plaintiff's employment was terminated because of the thefts, to which Defendant alleges plaintiff admitted.

Defendant CKSINGH alleges in the conversion count that CKSINGH was wrongfully denied the use of funds and merchandise estimated at approximately $70,000. The breach of duty of loyalty is based upon this conversion and alleged inappropriate behavior by plaintiff towards a regular female customer which caused her to cease doing business with CKSINGH. Defendant seeks damages, costs, and attorney's fees, and asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a).

**II.**

Plaintiff argues that the Court has no subject-matter jurisdiction over either count in defendant's Counterclaim. Plaintiff asserts that the state claims are permissive counterclaims under Federal Rule of Civil Procedure 13 and therefore require an independent basis for federal jurisdiction, but that none exists. Defendants respond that the Counterclaim contains compulsory counterclaims under Rule 13, which automatically satisfy the supplemental jurisdiction requirements of Title 28, United States Code, Section 1367. Alternatively, defendants argue that if the claims are permissive counterclaims,

the Court can and should exercise jurisdiction over them pursuant to Section 1367.

**A.   Jurisdiction Over Counterclaim Prior to 28 U.S.C. § 1367**

Prior to the enactment in 1990 of the federal statute relating to supplemental jurisdiction, 28 U.S.C. § 1367, whether a counterclaim was compulsory or permissive under Fed. R. Civ. P. 13 was determinative of whether a district court had jurisdiction over it. The Supreme Court stated:

> Ordinarily where a court has primary jurisdiction over the parties and over the subject matter, the power to resolve the amount of the claim and the counterclaim is clear. Indeed, under the Federal Rules of Civil Procedure the counterclaim may be compulsory. Rule 13(a).
>
> . . .
>
> If a counterclaim is compulsory, the federal court will have ancillary jurisdiction over it even though ordinarily it would be a matter for a state court, e.g., Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631. Under Rule 13(a)'s predecessor this Court held that 'transaction' is a word of flexible meaning which may comprehend a series of occurrences if they have logical connection, Moore v. New York Cotton Exchange, 270 U.S. 593, [] and this is the rule generally followed by the lower courts in construing Rule 13(a), e.g., Great Lakes, supra; United Artists Corp. v. Masterpiece Productions, 2 Cir., 221 F.2d 213, 216.  Rule 13(b) permits as counterclaims, although not compulsory, 'any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.' Thus the court may dispose of all claims between the parties in one proceeding whether or not they arose in the 'same transaction.'

Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 468-69 & n.1 (1974) (citations omitted).  The Fifth Circuit similarly stated:

> Plaintiff challenges the trial court's ruling that defendant's counterclaim on the underlying debt was compulsory. The issue is jurisdictional. A permissive counterclaim must have an independent jurisdictional basis, while it is generally accepted that a compulsory counterclaim falls within the ancillary jurisdiction of the federal courts even if it would ordinarily be a matter for state court consideration. In the instant case there is no independent basis since neither federal question nor diversity jurisdiction is available for the counterclaim. Consequently, if the counterclaim were to be treated as permissive, defendant's action on the underlying debt would have to be pursued in the state court.

Plant v. Blazer Fin. Servs., Inc. of Ga., 598 F.2d 1357, 1359-60 (5th Cir. 1979)(citations omitted);[2] East-Bibb Twiggs Neighborhood Assn. v. Macon Bibb Planing & Zoning Comm., 888 F.2d 1576, 1578 (11th Cir. 1989)(finding state-law counterclaim was permissive under Rule 13(b); that an independent federal jurisdictional basis must be asserted; and that none was asserted).

Based upon the intervening enactment of 28 U.S.C. § 1367 and the Supreme Court's increased care with "jurisdictional" labels, the Court concludes that the counterclaim's status as compulsory or permissive is no longer necessarily determinative of whether a district court has jurisdiction over the counterclaim. Rather, the appropriate focus is upon whether the counterclaim satisfies the requirements of § 1367.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**B.  Source of Federal Court Jurisdiction**

It is well settled that federal courts are courts of limited jurisdiction.  Article III, § 2, of the United States Constitution provides that the judicial power of a federal court extends only to certain types of "Cases" or "Controversies".  U. S. Const. Art. III, § 2.  "This section delineates the absolute limits on the federal courts' jurisdiction." Ankenbrandt v. Richards, 504 U.S. 689, 695 (1992).  "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006)(citations omitted).

The constitutional grant of judicial power over cases and controversies set forth in Article III, § 2 is not self executing.  It has long been the rule that a federal district court may exercise only the jurisdiction which Congress has prescribed.  "Courts created by statute can have no jurisdiction but such as the statute confers." Sheldon v. Sill, 8 How. 441, 449, 12 L.Ed. 1147 (1850).  See also Kontrick v. Ryan, 540 U.S. 443, 452 (2004)("[o]nly Congress may determine a lower federal court's subject-matter jurisdiction," citing U.S. Const., art. III, § 1.) "Jurisdiction" refers to a court's adjudicatory authority, and therefore properly applies only to "prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction)" implicating that authority."  Reed

Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1243 (2010)(citations and quotations omitted.[3]

Rules of procedure, on the other hand, do not create jurisdiction. The Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts." Fed. R. Civ. P. 82. The Supreme Court has stated the same, Schacht v. United States, 398 U.S. 58, 64 (1970) ("The procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional...."); United Mine Workers v. Gibbs, 383 U.S. 715, 725 n.13 (1966)("the Federal Rules of Civil Procedure do not expand the jurisdiction of federal courts, . . ."), noting that such a proposition was "axiomatic." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 370 (1978).

**C. Federal Jurisdiction Over Complaint**

This Court clearly has jurisdiction over plaintiff's Fair Labor Standards Act claim pursuant to 28 U.S.C. §§ 1331 and 1337. Brown v. Masonry Prods. Inc., 874 F.2d 1476, 1478 (11th Cir. 1989). No party disputes this. It is also undisputed that there is no independent basis for federal jurisdiction over either claim in the Counterclaim. These two state-law claims do not arise under

---

[3]The Supreme Court has noted that it and other courts have "sometimes mischaracterized claim-processing rules or elements of a cause of action as jurisdictional limitations," and has encouraged federal courts and litigants to facilitate clarity by using the term "jurisdictional" only when it is apposite. Reed Elsevier, 130 S. Ct. at 1243-44.

federal law, there is no allegation of complete diversity of citizenship or a sufficient amount in controversy, and no other basis for original federal jurisdiction is asserted. Defendant does not argue that <u>any</u> counterclaim is automatically within federal court's jurisdiction. The only possible statutory basis for federal jurisdiction over the counterclaim is § 1367.

**D.  Supplemental Jurisdiction Over Counterclaim**

Because of the federal jurisdiction over plaintiff's claim, the Court also has supplemental jurisdiction over state claims to the extent authorized by 28 U.S.C. § 1367. Pursuant to § 1367, the Court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1367 "defines the permissible boundaries for the exercise of supplemental jurisdiction; that is, it delineates the power of the federal courts to hear supplemental claims and claims against supplemental parties." <u>Estate of Amergi ex rel. Amergi v. Palestinian Auth.</u>, 611 F.3d 1350, 1366 (11th Cir. 2010)(citation omitted).

Section 1367(a) thus authorizes a district court to hear supplemental claims to the full extent allowed by the "case or controversy" standard of Article III of the Constitution. <u>Parker v. Scrap Metal Processors, Inc.</u>, 468 F.3d 733, 742-43 (11th Cir.

2006), citing Palmer v. Hosp. Auth., 22 F.3d 1559, 1566 (11th Cir. 1994). The constitutional "case or controversy" standard, in turn, confers jurisdiction over all claims which arise out of a common nucleus of operative facts with the federal claim. Parker, 468 F.3d at 743 (citing Gibbs, 383 U.S. at 725; Palmer, 22 F.3d at 1563-64 (a federal court has the power under section 1367(a) to exercise pendent jurisdiction over state claims which arise from the same occurrence and involve the same or similar evidence)). A state cause of action which requires more proof than the federal claim is still within the court's supplemental jurisdiction if "both claims clearly arise from the same set of facts." Milan Exp., Inc. v. Averitt Exp., Inc., 208 F.3d 975, 980 (11th Cir. 2000); Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Fla., 177 F.3d 1212, 1223-24 (11th Cir. 1999).[4]

**E.  Application to This Case**

The Court concludes that the two counterclaims in this case are neither compulsory under Rule 13 nor arise out a common nucleus

---

[4]While the definition of a compulsory counterclaim in Rule 13(a)(1) is close to the case and controversy standard, the Eleventh Circuit has adopted a "logical relationship" test for a compulsory counterclaim. Plant, 598 F.2d 1357, 1360-61 (5th Cir. 1979) ; Republic Health Corp. v. Lifemark Hosps. Of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985); Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 (11th Cir. 1998). The "hallmark of this approach is its flexibility." Plant, 598 F.2d at 1360-61 (citation omitted). Flexibility has never been one of the attributes of a jurisdictional standard. Town of Elgin v. Marshall, 106 U.S. 578 (1883)(although amount in controversy requirement for diversity jurisdiction is an arbitrary rule, since it "draws the boundary line of jurisdiction, it is to be construed with strictness and rigor.").

of operative fact as the FLSA overtime claim. Defendant has not discussed in its Response how the inappropriate conduct with a female customer can be a compulsory counterclaim or arises under the common nucleus of operative facts as the federal overtime claim, and the Court sees no basis for either. Whether stealing from one's employer during working hours arises from the common nucleus of operative facts as, or has a logical relationship to, an FLSA overtime claim is a closer question. Defendant has not provided any authority for the proposition that an employer need not pay an employee for any hour worked in which the employee stole or was disloyal, so it appears that thievery and disloyalty will not be an issue with regard to the overtime pay case. Absent more of a showing that there is a legally relevant connection between the stealing and the obligation to pay an employee, the Court cannot conclude that either counterclaim arises from the common nucleus of operative facts or is a compulsory counterclaim.

**F. Related Affirmative Defense**

As its Fifth Affirmative Defense, Defendant alleges that it is entitled to a set-off against any unpaid overtime compensation for the amount of cash and other items stolen and retained by Plaintiff. The Court agrees with the analysis in <u>Nelson v. CK Nelson, Inc.</u>, No. 07-61416-CIV, 2008 WL 2323892 (S.D. Fla. Jun. 2, 2008) that while a set-off is not barred in all FLSA cases, it does not appear to be appropriate in this case under <u>Brennan v. Heard</u>,

491 F.2d 1, 3 (5th Cir. 1974); Singer v. City of Waco, Tex., 324 F.3d 813, 828 n.9 (5th Cir. 2003).  The court will leave this issue for another time.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Dismiss Defendant's Counterclaims (Doc. # 14) is **GRANTED**.  The Counterclaim is **dismissed** for lack of subject-matter jurisdiction.  The Clerk shall enter judgment accordingly and terminate the counterclaim.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of October, 2010.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record